UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT     FILED

MAY 17   3 12 PM '05

U.S. DISTRICT COURT
NEW HAVEN CONN

UNITED STATES OF AMERICA            )
                                    )
        vs.                         )        Criminal No. 3:03CR00152(PCD)
                                    )
MICHAEL J. MAZZARIELLO              )


## ORDER ARTICULATING REQUIREMENTS OF SPECIAL CONDITION OF

## PROBATION FOR HALFWAY HOUSE PLACEMENT

The above-named, after pleading guilty to Mail Fraud and Conspiracy to Defraud the Internal Revenue Service, in violation of 18 U.S.C. § 1341 and 18 U.S.C. § 371, respectively, appeared before the Honorable Peter C. Dorsey, Senior United States District Judge, on April 7, 2005 for sentencing. Michael J. Mazzariello was sentenced to five years probation on each count, with the following special conditions: (1) the defendant shall serve intermittent community confinement, on weekends, for the first twelve months of his probation; (2) after completion of the halfway house placement, the defendant shall serve six months in home confinement, to be monitored electronically; (3) the defendant shall perform community service for a period of three hours per week for two years , for a total of 300 hours; (4)  The defendant shall obtain and maintain full-time employment; (5) the defendant shall provide periodic financial statements and tax returns to the U.S. Probation Officer; and (6) the defendant shall make a conscientious effort to resolve all tax liabilities and shall not obtain or arrange any new credit without prior permission from the U.S. Probation Officer.

The defendant's intermittent community confinement shall commence at 6:00 p.m. each Friday evening and shall end at 6:00 p.m. each Sunday evening, each weekend for twelve consecutive months. While serving intermittent community confinement, the defendant shall be permitted to leave in the case of a family emergency involving the health and welfare of his children. While serving intermittent community confinement, the defendant shall be permitted possession and access to his personal motor vehicle.

IT IS SO ORDERED.

Signed and Dated at New Haven, Connecticut, this _____ day of May, 2005.


The Honorable Peter C. Dorsey
Senior United States District Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

### JUDGMENT IN A CRIMINAL CASE

**UNITED STATES OF AMERICA**

v.

**MICHAEL J. MAZZARIELLO**
**22 Deer Hill Road**
**Hamden, CT 06518**

CASE NO. 3:03CR00152 (PCD)
**Anastasia M. Enos** , AUSA
U.S. Attorney's Office
**David T. Grudberg, Esq.**
Defendant's Attorney

The defendant pled guilty to counts **1 & 7** after a plea of not guilty. Accordingly, the defendant is adjudged guilty of counts **1 & 7,** which involve the following offenses:

Title & Section: **Title 18, U.S.C. Section 1341**          Count: **1**
Nature of Offense: **Mail Fraud**
Title & Section: **Title 18, U.S.C. Section 371**          Count: 7
Nature of Offense: **Conspiracy to Defraud the Internal Revenue Service**
Date Offense Concluded: **01/01**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
The Court departs downward from the Guidelines. The sentence imposed is based on a finding of a Sentencing Guideline level of 16, Category I as per the Pre-sentence Report, with a departure to level 10 based on extraordinary family dependence primarily in the form of defendant's son's illness requiring defendant's physical and moral support, his daughter's physical condition, the departure of his conduct from his life and moral propriety, not adequately considered by the Commission (5R2.0) the 4 year pending of this matter with its psychological effect on him, his civic activities, in combination and as thus compliant with § 5B1.1(a)(2). In the alternative, if not permitted as a guideline sentence, the same sentence would be imposed as a non-guideline sentence.

The defendant shall be placed on probation for a term of **5 years for each Count. Sentence on Counts 1 & 7 shall run concurrent with each other.** Special Conditions include: The defendant is sentenced, intermittently to community confinement (Halfway House), on weekends, for the first 12 months of his Probation. After completion of community confinement (Halfway House), defendant is confined to his home for a period of 6 months with electronic monitoring and shall pay the costs of electronic monitoring at the approval of the U.S. Probation Office (USPO); during the period of house arrest the defendant shall be home at all times except for employment, religious obligations, medical attention, and community service; shall perform community service for a period of 3 hours per week for 2 years for a total of 300 hours; shall obtain and maintain full employment; shall provide periodic financial statement and tax returns to USPO; shall make a conscientious effort to resolve all tax liabilities and shall not obtain or arrange any new credit without prior permission from USPO.

**Defendant shall pay half of the restitution of $370,287.00, one quarter to be paid within 60 days, and the remainder payable at the rate of $600.00 per month.**

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of probation imposed above, it is hereby ordered that the conditions of probation set out on the reverse side are imposed.

It is ordered that the defendant shall pay a Special Assessment of **$200.00,** for counts **1 & 7** which shall be due **immediately.**

**April 7, 2005**
Date of Imposition of Sentence

/s/
Peter C. Dorsey, United States District Judge
Date: **April 11, 2005**

*CERTIFIED AS A TRUE COPY*
*ON THIS DATE* _____
*Kevin F. Rowe, Clerk*
*BY:* _____
     *Deputy Clerk*

# CONDITIONS OF PROBATION

**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

## MANDATORY CONDITIONS

■ (1)  The defendant shall not commit another federal, state or local offense;

☐ (2)  For a felony, the defendant shall (A) make restitution, (B) give notice to victims of the offense pursuant to 18 U.S.C. section 3555, or ©) reside or refrain from residing, in a specified place or area, unless the court finds on the record that extraordinary circumstances exist that would make such a condition plainly unreasonable, in which event the court shall impose one or more of the discretionary conditions set forth under 18 U.S.C. section 3563(b);

☐ (3)  The defendant shall not unlawfully possess a controlled substance;

☐ (4)  For a domestic violence crime as defined in 18 U.S.C. section 3561(b) by a defendant convicted of such an offense for the first time, the defendant shall attend a public, private, or non-profit offender rehabilitation program that has been approved by the court, in consultation with a State Coalition Against Domestic Violence or other appropriate experts, if an approved program is available within a 50-mile radius of the legal residence of the defendant;

☐ (5)  The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter for use of a controlled substance;

■ (6)  The defendant shall (A) make restitution in accordance with 18 U.S.C. sections 2248, 2259, 2264, 2327, 3663, 3663A, and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. section 3013;

■ (7)  The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments;

☐ (8)  If the court has imposed a fine, the defendant shall pay the fine or adhere to a court-established payment schedule;

☐ (9)  A defendant convicted of a sexual offense as described in 18 U.S.C. sections 4042(c)(4) shall report the address where the defendant will reside and any subsequent change of residence to the probation officer responsible for supervision, and shall register as a sex offender in any State where the person resides, is employed, carries on a vocation, or is a student.

☐ (10)  The defendant cooperate in the collection of a DNA sample from the defendant.

**While on probation, the defendant also shall comply with all of the following Standard Conditions:**

## STANDARD CONDITIONS

(1)  The defendant shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

(2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)  The defendant shall support the defendant's dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);

(5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

(6)  The defendant shall notify the probation officer at least ten days prior to any change of residence or employment;

(7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

(9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)  The defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

(11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)  The defendant shall pay the special assessment imposed or adhere to a court-ordered installment schedule for the payment of the special assessment.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____to _____

at_____, with a certified copy of this judgment.

_____
John F. Bardelli
United States Marshal

By:_____
    Deputy Marshal