```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :    CRIM. NO.: 3:03CR152 (PCD)

VS.

MICHAEL MAZZARIELLO         :    JUNE 16, 2006
```

### MOTION TO MODIFY SPECIAL CONDITIONS OF PROBATION

Defendant Michael J. Mazzariello hereby moves to modify the special conditions of his probation, in order to permit a different form of monitoring of his home confinement other than bracelet-based electronic monitoring. In support thereof, defendant states as follows:

1. On April 7, 2005, the Court sentenced defendant Michael Mazzariello to a term of five years probation. The Court's special conditions included, among other things, twelve months of intermittent community confinement, on weekends, at a halfway house. The Court further ordered that, after completion of this intermittent community confinement, defendant was to be confined to his home for a period of six months with electronic monitoring. Defendant was to be at home at all times except for employment, religious obligations, medical attention, and community service.

2. Defendant began the community confinement portion of his sentence on or about July 1, 2005, and will complete it at the end of this month.

3. The reasons in support of this motion are discussed at some length in a letter from Mr. Mazzariello, which is attached.

It is largely self-explanatory. Mr. Mazzariello discusses his experiences over the past year as well as his specific concerns about bracelet-based electronic monitoring.

    4. Mr. Mazzariello's request is employment-related. At the time of sentence, as the Court may recall, he was working out of state for several days per week for a Massachusetts company. Unfortunately, shortly following the imposition of sentence, Mr. Mazzariello lost his job. After a lengthy search for new employment, he has recently taken a position with a software company that will necessitate significant client contact and sales work, throughout the northeast states.

    5. Mr. Mazzariello is very concerned that wearing an electronic monitoring bracelet will be a substantial impediment to his sales efforts, and thus his ability to make a living at his new job, since his compensation is largely commission-based. In his letter, he requests that another form of monitoring, such as voice recognition technology, be used to ensure his compliance with the Court-imposed restrictions.

    6. In connection with this request, the undersigned has spoken with U.S. Probation Officer Vicki Stackpole, who has been supervising Mr. Mazzariello's probation. Ms. Stackpole indicates that she would have no objection to a voice-based monitoring system, and that such technology would be equally acceptable as the electronic monitoring system to the Probation Office.

7. Anastasia King, Esq., the Assistant United States Attorney who prosecuted this matter for the government, indicates that the government takes no position with respect to the request.

8. The Court's original sentence directed that the cost of electronic monitoring be borne by Mr. Mazzariello. Defendant of course would have no objection to paying whatever costs are associated with the alternative to electronic monitoring.

9. Notwithstanding Mr. Mazzariello's job setbacks, and the related financial strain that has resulted, he is in full compliance with his restitution obligations. We respectfully submit that the requested modification would help Mr. Mazzariello's earning prospects, which would benefit the restitution recipient as well as the defendant and his family, and would be fully consistent with the spirit of the Court's original sentence.

WHEREFORE, for the foregoing reasons, defendant requests that the terms of his probation be modified as requested above.

THE DEFENDANT,
MICHAEL MAZZARIELLO

By _____
David T. Grudberg, ct01186
JACOBS, GRUDBERG, BELT & DOW, P.C.
350 Orange St.
P.O. Box 606
New Haven, CT 06503
phone:(203) 772-3100
fax: (203) 772-1691
email: dgrudberg@jacobslaw.com

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed first class, postage prepaid on June 16, 2006 to:

Anastasia Enos King, Esq.
Assistant United States Attorney
450 Main St.
Hartford, CT 06103

Vicki Stackpole, Esq.
U.S. Probation Officer
157 Church St. - 22nd Floor
New Haven, CT 06510

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　David T. Grudberg

4

June 12, 2006

The Hon. Peter Dorsey
Federal District Judge
United States District Court
141 Church Street
New Haven, CT 06510

Re:   Defendant:   *Michael J. Mazzariello*
      Docket No:   3:03CR000152(PCD)

Dear Judge Dorsey,

My name is Michael J. Mazzariello, and I am writing to you requesting your consideration and assistance regarding a matter pertaining to the sentence I received in your Court on April 7, 2005. Specifically, I wish to address the bracelet monitoring device that will be applied to me beginning in July of this year, and utilized thereafter for a period of six months. The following information may be helpful to you in your review of my request.

My sentence consists of serving fifty-two (52) consecutive weekends in a halfway house facility which began July 1, 2005. Each weekend is forty-eight (48) consecutive hours beginning 11:00 a.m. Friday and continuing to 11:00 a.m. Sunday. Upon completion of the halfway house portion of my sentence, I am to be fitted with an electronic monitoring bracelet which I will wear for the remaining six months of my sentence.

As recollection serves me, you graciously fashioned my sentence to enable me to maintain my employment, and to maximize my time with my family, and my diabetic son. At that time I was employed with a technology firm in Boston, commuting there early Tuesday mornings and returning late Thursday evenings or early Friday mornings, always on time to report to the halfway house. Unfortunately, in August, 2005 my association with my employer came to an end after 4 ½ years, and from that time until most recently I have remained unemployed.

As you will imagine, the financial pressures upon myself and my family in those ensuing months were substantial, though we have been able to meet our necessary expenses and I have continued to pay my monthly restitution stipend of $600.00. Nonetheless, I endeavored to make my period of unemployment as useful and productive as possible, with much of my available time utilized in a diligent search for a new position. In between, I remained active on the finance committee of St. Rita Parish in

The Hon. Peter Dorsey
April 15, 2006
Page 2

Hamden, on the Advisory Board and providing technology oversight at Sacred Heart Academy and as a basketball and baseball coach at St. Rita Parish and in local town recreational leagues (though it was necessary to relinquish my coaching duties this past winter in favor of my sentence). I am also in the process of becoming an instructor in computer literacy and GED preparation to adults in the Fair Haven section of New Haven for Springs Learning Center, a religious based educational resource program targeting under-served adult learners.

  Nor was my weekend service at the halfway house any less productive. I spend the bulk of my time mentoring to other residents in areas of job search skills, resume writing and interviewing techniques, GED preparation and assisting with the formulation of their savings goals and weekly budget preparations. Additionally, I configured the necessary hardware for ten computer workstations for use by residents in a separate "computer room" dedicated for that purpose by the house, and programmed software with resume templates, a tutorial course for computer literacy, a typing tutorial and a software generated examination to create a baseline for the respective skill levels of participating residents. From that, I conduct weekly tutorial and testing sessions in an effort to better enhance the competitive edge of residents in the job market. Finally, I have created software programs for house staff to streamline their use of various paper documents in the daily monitoring of residents, including community pass agreements, weekly budget forms, employment search itineraries, resident requests, and client intake, all of which can now be easily accessed by staff in a computer database. It should be noted that I engage in these activities voluntarily as a productive means of utilizing my time at the house, since none of my efforts qualify as applied community service hours.

  I'd like to believe that in addition to a good faith work effort, I have endeavored to act responsibly in the service of my sentence. I report dutifully each month to my probation officer, arrive timely each week at the halfway house, and conduct myself there productively and without incident. I have developed a favorable rapport with the house program director, with several of his subordinates, and with my case manager. I have been very selective in those few instances where it has been necessary for me to request a modification of my hours in a given week, and in each I have planned my schedule well in advance to accommodate the house and the Court in acting thereon conveniently and accordingly.

  Most importantly, however, are the valuable lessons I have learned from my exposure to the criminal justice system. Opportunity, concerted effort and good fortune have allowed me a professional career at the highest levels of the corporate private sector, and a personal and family life that can be considered upper middle class. For this I make

The Hon. Peter Dorsey
April 15, 2006
Page 3

no apology, though the result has been to shelter me from a side of life that has never touched my own. That is, until this experience. Ironically, however, the resulting changes to my life in the past year have not served to erode my spirit or to generate feelings of bitterness or resentment (though believe me when I candidly and categorically state that my future conduct will never result in recidivism). Instead, they have been enlightening, and have incited in me a desire to be of service to those who through life's circumstances have not had the benefit of the educational, environmental, social and professional opportunities available to me. It is this positive attribute that has fostered my desire to use my time productively to assist those whose lives are now intertwined with mine.

Recently, I secured new employment that allows me to remain in the technology field, though encompasses a business development sales position. We are marketing a new software product to medium and small businesses, and I am the regional sales director for the territory that includes virtually all of New England, Long Island, Westchester County and upstate New York. My position will generate a fair amount of travel throughout my assigned territory, and the courting of business clients to whom to market our product. My compensation package includes a nominal base salary and is almost wholly commission based, therefore requiring me to expend a maximum sales effort to the client base we market and serve. Although the reward potential is good, there is always a down-side to any commission based endeavor, and the likelihood is high that my actual earnings will be substantially less than from prior employment.

This is the only fruitful employment offer I have been successful in generating these past many months. I know I can bring to this position a diligent work ethic and dedicated professionalism, though my success may well turn more upon my credibility as perceived by potential prospects. Respectfully, I am deeply concerned that this credibility may well be compromised by my wearing of an electronic monitoring device, will jeopardize potential sales to solicited customers who through varied circumstances become aware of this device, and in broader scope may negatively impact upon our product and our business.

Alternatively, I respectfully suggest that in lieu of an electronic monitoring bracelet I be allowed to use a dedicated telephone line that will offer voice recognition and enable me to call in at predetermined intervals. I believe this will afford me greater flexibility when visiting prospective clients without compromising issues of security which a bracelet is intended to address. Please understand that by my request I in no way minimize the serious nature of the security measures set in place for the remaining six months of my sentence. To the contrary, I hope to convey the opposite, and seek to offer a credible alternative that assures that the spirit and purpose of my sentence is met.

The Hon. Peter Dorsey
April 15, 2006
Page 4


  I do not make this request lightly, but prudently after much deliberation, as success in my position is critical to the financial well being of my family and to the maintenance of financial obligations that include my monthly restitution order, of which I paid 25% up front and more than $50,000.00 to date. Furthermore, I offer a lifestyle that is devoted to my profession and my family, and to the community activities hereinbefore described. I take seriously the responsibilities of my sentence, and to the incumbent circumstances necessary to ensure that my sentence continues unremarkably and concludes without incident.

  Finally, I refer you to my probation officer, Vicki Stackpole, with whom I have developed a favorable rapport. Vicki can offer her own insight of me and her opinion relative to my request, and certainly I defer to her consummate professionalism. I am also available, individually and through my attorney, David Grudberg, to offer any further input Your Honor may deem necessary to make an informed decision in this matter.

  Please do not hesitate to contact me if you should have any questions or wish further discussion in this matter. Thank you for your time, attention and consideration.


            Respectfully yours,

            *Michael J. Mazzariello*

            Michael J. Mazzariello


Cc: David Grudberg, Esq.
   Vicki Stackpole, United States Probation Officer